## KIBBEE & MARTIN, *In re.*

1. The attorneys representing one side of a case sued out interrogatories, which were returned by express, instead of mail, and this necessitated a re-execution; the attorneys took them for re-execution, not leaving the answers in court, and refusing to let the attorneys on the other side of the case have or examine the answers. A rule was brought against them, and the court ordered the answers to be left for inspection and examination by the adverse counsel, under pain of contempt. The attorneys holding the answers excepted:

*Held*, that this proceeding was ancillary to the main case, and interlocutory, and was not such an issue or final judgment as can be brought to this court.

2. The judgment was right. It has always been the law and practice to leave the answers in court (or copies, before the adoption of the rule of court), when the interrogatories are taken out for re-execution; and an improper or illegal return of interrogatories necessitates a re-execution as well as any other defect in the execution proper, if the return be not strictly a part of the execution. 35th Rule of the Court; 13 *Ga.*, 188.

Writ of error dismissed.

September 16, 1884.

JACKSON, Chief Justice.

---

## BLACKWELL *vs.* THE STATE OF GEORGIA.

Where exception was taken to the refusal of a motion for new trial, and it appeared that the brief of evidence, though agreed upon by counsel as correct, was never approved and ordered filed by the presiding judge, and that neither the truth of the grounds of the motion nor the correctness of the charge set out therein were certified to, but that the presiding judge, in the rule *nisi*, declared that he would approve "so much thereof as the court thinks proper," but did not do so, and the motion was passed upon by another judge, its refusal will not cause a reversal.

(*a*.) The evidence not only sustained, but required, the verdict.

Judgment affirmed.

January 21, 1885.

HALL, Justice.